(No. 4039)

EFFIE MAY BURTON, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed March 16, 1948.*

ROY A. PTACIN, for Claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for Respondent.

DAMRON, J.

On September 18, 1947, claimant, Effie May Burton, filed her complaint for an award aggregating $4,627.70 under the provisions of the Workmen's Compensation Act because of injuries alleged to have been sustained in an accident arising out of and in the course of her employment by respondent.

The transcript of the evidence was filed January 14, 1948.

On May 10, 1947 claimant classified as Cook I was employed in the Department of Public Welfare at the Chicago State Hospital. Her gross earnings for the preceding year totaled $1,980.00 and for May and June, 1947, $165.00 and $132.00, respectively.

Mrs. Burton testified that on May 10, 1947, she was working in the officers' kitchen of the hospital. While carrying a receptacle of grease, she slipped on grease previously spilled on the floor. She could not get up because of the severe pain and was assisted to her feet by two patients. She lived in the employees' dormitory on the premises and was taken to the room she occupied with her husband who was also employed at the hospital.

Her husband called Dr. Hurwitz, a physician not connected with the hospital. He visited claimant four times. Treatment was confined to the application of cold packs and later heat. She did not see any other physician until June 7th when she was examined and X-rayed by Dr. Benjamin Cohen, one of the hospital staff physicians. Later she was examined by Dr. J. M. Gillespie and Dr. W. W. Ritchey in Marion, Illinois, and Dr. Albert C. Field in Chicago.

Upon reaching her room immediately after the accident she was placed in bed. She experienced pain in her knee, it was swollen and was still swollen a month later when she saw Dr. Gillespie.

Dr. Campbell, the Assistant Superintendent enforcing a rule at the institution requiring non-working personnel to relinquish their room, requested claimant to leave, and a few days later on June 7, 1947 she moved to Marion, Illinois, returning to Chicago in November.

Before the accident she could walk normally but since then she has been unable to walk, her knee still

pains her and is stiff and swollen. She has not been gainfully employed since the accident.

Claimant further stated that she never personally requested any medical or hospital treatment from the officials at the Chicago State Hospital. Dr. Hurwitz had previously attended her husband and as far as she knew was voluntarily called by the latter to furnish her medical attention.

C. M. Weesner, the chief dietician and claimant's immediate superior, testified that Mr. Burton called him and told him about the accident the following day, but he had known about it before, having scheduled someone else to replace Mrs. Burton.

Dr. Albert C. Field, called as an expert witness, examined claimant three or four times and took x-rays. On October 25, 1947 he found her left knee enlarged; held in flexible limitation of extension about 45 degrees from normal with flexion limited to 90 degrees or about half of normal. Each side of patella as well as the capsule were thickened; there was excess fluid in the joint; the knee was discolored; swollen and pitted on pressure indicating impaired circulation.

When he examined her again on January 6, 1948 she showed slight improvement in that she lacked only 25 degrees extension; there was no pit on pressure and no excess fluid in the joint. He interpreted the x-rays as showing an inflammatory condition in the articulating surface of the patella; and an injury to the external condyle of the femur and upper border plateau of the tibia; a displacement of the lateral condyle of the tibia as the result of an impacted fracture. In his opinion owing to the synovitis due to the trauma at the time of the accident and that now caused by walking; the loss of weight—bearing surface; instability caused by the de-

pressed or one-sided condition of the fracture; the circulatory disturbance and limitation of extension and flexion, she has about 35% normal function of the leg but should show a little improvement with an ultimate permanent impairment of 50%.

The record supports a finding that the parties were operating under the provisions of the Workmen's Compensation Act; that the accident arose out of and in the course of claimant's employment and that notice of the accident and claim for compensation were made within the required statutory time.

Claimant obtained her own medical attention and makes no claim for the same.

The evidence discloses that claimant sustained temporary total disability for 34 5/7 weeks from May 10, 1947 to January 8, 1948 and a permanent partial loss of use of her left leg. The medical testimony on behalf of claimant that she will ultimately recover not more than 50% normal use of the leg is based upon definite findings. This testimony is not impeached and stands without contradiction.

Commissioner Blumenthal before whom the testimony was taken and who observed the claimant agrees with the findings of the medical testimony and recommends an award as above set forth. We find that claimant is entitled to an award in the sum of $2,334.86 from which must be deducted the sum of $271.30 representing payments by respondent to her for unproductive time during May and June 1947.

On the basis of this record an award is hereby entered in favor of claimant, Effie May Burton. in the sum of $2,334.86. This sum represents 34 5/7 weeks for temporary total compensation and 50% partial permanent

loss of use of her left leg. This award is payable to her as follows:

The sum of $792.00 has accrued to her since the injury. Since claimant was paid $271.30 for non-productive time, this sum must be deducted leaving an accrued sum of $520.70 which is payable forthwith. The remainder of said award amounting to the sum of $1,542.86 is payable in weekly installments of $18.00 per week beginning March 14, 1948, for 85 weeks with one final payment of $12.86, as provided under the provisions of Section 8(e) of the Workmen's Compensation Act, as amended.

A. M. Rothbart, court reporting service, was employed to take and transcribe the testimony for which they made a charge of $68.70. We find that this charge is fair, reasonable, and customary.

An award is therefore entered in favor of A. M. Rothbart, Chicago, Illinois in the sum of $68.70.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."